13-1014-cv
Varillas Broca v. Gil Giron

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of July, two thousand thirteen.

PRESENT: DENNIS JACOBS,
                            Chief Judge,
          SUSAN L. CARNEY,
          CHRISTOPHER F. DRONEY,
                            Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X

JOSE LEONIDES VARILLAS BROCA,
          Petitioner-Appellant,

          -v.-                                              13-1014-cv

MIRNA MARIANA GIL GIRON,
          Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              LAURA W. SAWYER (Mark R. Seiden,
                            Lisa M. Yemm, and Caroline I.
                            Lents, on the brief), Jones Day,
                            New York, New York.

FOR APPELLEE:               CAROLYN A. KUBITSCHEK, Lansner &
                            Kubitschek, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jose Leonides Varillas Broca appeals from the judgment of the United States District Court for the Eastern District of New York (Johnson, J.), denying Varillas's petition for the repatriation of his three children under the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89 ("Hague Convention"), implemented by the International Child Abduction Remedies Act, 42 U.S.C. §§ 11601-10.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Varillas appeals the determination that his youngest child, JV, was well settled in the United States, such that JV's return to Mexico was not required under Article 12 of the Hague Convention.[1]  Varillas primarily argues that the district court improperly considered the importance of keeping JV together with his siblings in deciding that JV was well settled.  "We review the district court's interpretation of the Convention de novo and its factual determinations for clear error." Souratgar v. Fair, --- F.3d ---, 2013 WL 2631375, at *3 (2d Cir. June 13, 2013).

If Hague Convention proceedings are initiated within a year of a child's wrongful removal, then Article 12 requires the court to order repatriation of that child, unless an exception applies.  Hague Convention, art. 12.  If the proceedings are commenced after the one-year period, the court "shall also order the return of the child, *unless it is demonstrated that the child is now settled in its new environment.*" Id. (emphasis added).  Respondent bears the

---

[1]  Varillas's oldest child turned sixteen during the pendency of the proceedings, thus the Hague Convention no longer applied to him.  As to the middle child, the district court denied the request for repatriation, concluding that she was well settled, and that she was sufficiently mature that her objection to returning to Mexico should be taken into account.  Varillas does not appeal this determination.

burden of proving this exception by a preponderance of the evidence. 42 U.S.C. § 11603(e)(2)(B).

We have discussed the "[f]actors that courts consider" in determining whether a child is well settled, which "should generally include":

> (1) the age of the child; (2) the stability of the child's residence in the new environment; (3) whether the child attends school or day care consistently; (4) whether the child attends church [or participates in other community or extracurricular school activities] regularly; (5) the respondent's employment and financial stability; (6) whether the child has friends and relatives in the new area; and (7) the immigration status of the child and the respondent.

Lozano v. Alvarez, 697 F.3d 41, 57 (2d Cir. 2012), cert. granted in part, No. 12-820, 2013 WL 56044 (U.S. June 24, 2013).[2] While useful, these factors are neither mandatory nor exclusive. "[C]ourts are permitted to consider any relevant factor surrounding the child's living arrangement-- without limitation." Id. (internal quotation marks omitted). The test is a "fact-specific multi-factor" test, in which no factor, including immigration status, is dispositive. Id.

Here, the district court considered the above factors in determining that JV was well settled.[3] Under Lozano, the court rightly considered JV's relationship with his mother and siblings in reaching its conclusion. Even though the court emphasized this factor in its final balancing

---

[2] The Supreme Court recently granted certiorari in Lozano, but the issue to be reviewed by the Court is explicitly limited to whether the one-year period may be equitably tolled when the abducting parent has concealed the whereabouts of the child--a question not at issue in this appeal.

[3] Varillas's argument that the district court erred in failing to consider the employment and financial stability of JV's mother is unpersuasive. While the court did not explicitly list this factor, it discussed it in relation to other factors. See, e.g., Special App. 43. In any event, the Lozano factors are not mandatory. 697 F.3d at 57.

analysis, it was one of many considerations.  In any event, our review is <u>de novo</u>.  Reviewing the record as a whole and focusing on the <u>Lozano</u> factors, we agree that JV is well settled in the United States.  JV's consistent school attendance, involvement in church, and strong relationships with friends and relatives in the area, in particular his mother and sister, all support a conclusion that he is well settled.  His immigration status, lack of residential stability, and poor performance in school, as well as his mother's lack of financial stability, counsel against a conclusion that he is well settled.  Nonetheless, in the overall balancing, we conclude that the exception applies.[4]

For the foregoing reasons, and finding no merit in Varillas's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[4]  We note that the factors here are in many ways similar to those in <u>Lozano</u>, where we affirmed the determination that the child was well settled.  697 F.3d at 58.